IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                          Case No. 2:17-cr-99

Edith Lodegari Dominguez-
Leguizamo

OPINION AND ORDER

Defendant pleaded guilty to the charge of conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §846.  By judgment filed on September 25, 2017, defendant was sentenced to a term of incarceration of 78 months.  She has been in custody approximately 47 months.  According to the Bureau of Prisons ("BOP"), defendant's release date is October 4, 2022. See www.bop.gov/inmateloc/ (last visited March 16, 2021).

On September 11, 2020, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018, stating that she was at risk from COVID-19 due to her health conditions.  Doc. 47.  Counsel was appointed to represent the defendant.  Counsel filed a notice indicating that she would not be filing a supplement to the motion. Doc. 53.  The government responded on November 28, 2020, contending that defendant failed to demonstrate that she had exhausted her administrative remedies as required under §3582(c)(1)(A).  Doc. 55. This court denied the defendant's motion without prejudice due to her failure to demonstrate exhaustion.  Doc. 56.

On January 25, 2021, defendant filed another motion for compassionate release, relying again on the risks posed by COVID-19 due to her health conditions.  Doc. 57.  On March 4, 2021, counsel filed a notice indicating that she would not be filing a

supplemental memorandum, noting that defendant does not have a disease which puts her at enhanced risk from COVID-19.  Doc. 61. On March 18, 2021, the government filed a response in opposition to the motion.  The government argued that: the court should defer to the expertise of the BOP in determining who should qualify for early release; defendant has not exhausted her administration remedies regarding her COVID-19 risk; defendant has failed to establish an extraordinary reason for compassionate release; and defendant's motion should be denied based on the factors in 18 U.S.C. §3553(a).  Doc. 62.

I. Exhaustion of Administrative Remedies

Under §3582(c)(1)(A)(i), a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies. If the defendant presents her request to the warden and receives no response within thirty days, she may then file a motion in the district court.  See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).  This exhaustion requirement is not jurisdictional, but is a mandatory condition which must be enforced if the government timely objects to the failure to exhaust. United States v. Alam, 960 F.3d 831, 833-834 (6th Cir. 2020).

With her most recent motion, defendant has attached a response from the warden dated August 20, 2020, to her request for a reduction in sentence.  Doc. 57, p. 13.  This document stated that it was in response to defendant's request for a reduction in sentence due to her debilitated medical condition.  The request was

denied because defendant did not meet the medical criteria for a debilitated medical condition. There is no mention of COVID-19 in this document.

Defendant states that she is at risk from COVID-19 due to her health concerns. To the extent that defendant argues that she has debilitating health conditions, the risk of COVID-19 exacerbating those conditions is arguably related closely enough to her underlying health conditions for the court to consider that issue as well. However, defendant also contends that her health has declined due to the lack of health care at the institution, and that she is at high risk of contracting the virus due to the failure of staff to follow precautionary practices, such as wearing masks. She has submitted no proof that she has exhausted her administrative remedies in regard to these complaints, and those grounds will be dismissed without prejudice.

II. Standards for Compassionate Release

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United

States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

As the government notes, §3582(c)(1)(A) also requires that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" §3582(c)(1)(A). The United States Sentencing Guidelines, §1B1.13 and Application Note 1, define what constitutes an "extraordinary and compelling" reason. However, the Sixth Circuit has held that the policy statements contained in §1B1.13 do not apply to cases in which an inmate files a motion for compassionate release, and that district courts have full discretion to define what constitutes an "extraordinary and compelling" reason without consulting the policy statement. See Jones, 980 F.3d at 1111. Therefore, the court will not base its decision on the policy statements. The court further notes that although this court may consider any decisions of the BOP regarding a whether a defendant should be released, the BOP applies its own regulatory standards to such requests which do not limit this court's discretion under §3582(c)(1)(A).

III. Defendant's Medical Conditions

Defendant, who is 44 years old, alleges that she has medical conditions which may be exacerbated by COVID-19. In addressing this issue, the court will consider all of the materials she submitted in her motions (Docs. 47 and 57). Defendant has submitted medical records indicating that she was diagnosed with hyperthyroidism in March of 2018 and takes prescription medication for this condition. Doc. 57-1, p. 1. These records also report that she has hyperlipidemia (high cholesterol), hypermetropia and myopia (eye conditions), dental caries, and an unspecified injury to her shoulder and upper arm. Doc. 57-1, p. 3. Defendant has submitted an individualized needs plan prepared by the institution,

which states that defendant is in the CARE1 category (healthy or simple chronic care), that defendant has no medical restrictions, and that she is cleared for regular duty and food service. Doc. 57-1, p. 11. The warden denied defendant's request for compassionate release on August 20, 2020, noting that defendant was medically stable. Doc. 57-1, p. 13. According to the presentence investigation report ("PSR"), defendant denied any physical health conditions. The medical records submitted do not establish that defendant has any extraordinary health concerns.

The Centers for Disease Control ("CDC") have posted lists of conditions which pose or may pose a risk of serious illness due to COVID-19, found at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 16, 2021). None of defendant's conditions are on those lists. Any risk of exacerbation is also mitigated by the fact that 322 staff and 328 inmates at Hazelton FCI, where defendant is incarcerated, have received the COVID-19 vaccine, and currently only 4 inmates and 4 staff have tested positive for COVID-19. See https://www.bop.gov/coronavirus (last checked March 19, 2021).

The court concludes that the defendant's health conditions do not constitute an extraordinary and compelling reason for her release.

IV. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offenses in this case were serious. Defendant participated in a conspiracy to possess with the intent to distribute heroin. According to the PSR, defendant distributed heroin for 8 months and stored heroin at her residence. She was an organizer, leader, manager or supervisor, and directed the activities of at least 2

co-conspirators who delivered heroin to customers and transmitted drug proceeds to Mexico. She was held accountable for relevant conduct in the amount of approximately 2 kilograms of heroin. Her sentencing range under the Guidelines was determined to be 108-135 months (the government agreed that a 2-level enhancement for maintaining premises should not apply). After a downward departure, the applicable range was 78-97 months, and the court imposed a lenient sentence of 78 months at the bottom of the range.

As to the history and characteristics of the defendant, the defendant had no prior criminal record and was in Criminal History Category I. She was raised in poverty in Mexico, and entered the United States illegally in 1992. She has a history of employment and has 2 adult children in the United States. She reported no prior history of substance abuse. She is subject to deportation after serving her sentence, and she is not eligible for release on home confinement by the BOP.

Defendant has served approximately 47 months of her 78-month sentence. In light of the seriousness of the offense of conviction, which included defendant's extensive involvement in the distribution of heroin, an addictive and dangerous drug, a reduced sentence would not be sufficient to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant. The court concludes that the §3553(a) factors warrant denying defendant's motion for a reduced sentence. Even assuming, arguendo, that defendant's health conditions constitute an "extraordinary and compelling reason" for a sentence reduction, that reason is outweighed by the statutory factors which militate against defendant's early release.

6

V. Conclusion

In accordance with the foregoing, defendant's motion for a reduced sentence (Doc. 57) is denied.


Date: March 22, 2021                    s/James L. Graham
                               James L. Graham
                               United States District Judge